JOHN C. MEHL, ADMINISTRATOR, &c., PLAINTIFF ·IN ERROR, v. NEW YORK GLUCOSE COMPANY, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

On error to the Supreme Court in which the following opinion was filed:

PER CURIAM.

The plaintiff's intestate was found dead in defendant's factory under conditions which justify the inference that his death had been caused by an electric current coming from a switch which he was required to use in performing the service in which he was employed. This switch was what is called an open one. It was operated by a handle, and, if properly done, was not dangerous, but it was so constructed that the blades could be touched, and in this case it appears that the thumb and index finger of deceased were burned, and that the blade had on it evidence of flesh. This would indicate that deceased had in some way brought his thumb and finger in contact with the blade, which was not required to start the machinery, for all of that could be safely done with the handle. It also appears that since 1903, when these switches were put in, a new switch has been made which enclosed the blades, but in 1903

those put in were in general use, in fact there were no others. The handle was so arranged that in using it the hand would slide against the bar, but would not touch the blade if properly used, and one witness said that you could safely say that deceased was not starting the machine when he got the shock, because the position of the hand in starting the machine is not such as to bring it in contact with the blade. The rubber cross-bar was between the blades and the handle, and he could not get a shock in using the handle.

There was a motion to nonsuit, which we think should have prevailed. All that appeared was that deceased was working for defendant; that a part of his duty was to turn an electric switch by a rubber handle, and that if he used the handle his hand would not come in contact with the blades; that the switch was one in general use, and had been used by the deceased for several months, and the only inference is that the danger from touching the blades was one incident to the business, and that it was obvious.

On the part of the defendant it was shown that the switch was of a kind in general use; that in throwing the switch the hand could not come in contact with the blades; that deceased was instructed how to operate the switch and to be careful and not touch any part of it but the handle, or he would get a shock. When an employer forbids his employe to do a certain act in connection with the machine on which he is working, and the employe, while violating such prohibition, and as a result therefrom receives an injury, the employer is not liable. *Card* v. *Wilkins,* 32 *Vroom* 296. A motion to direct a verdict was made and overruled, and this we think ought to have been allowed, for reasons given in disposing of motion to nonsuit. No negligence on defendant's part appears in the case.

The rule should be made absolute.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Lindabury, Depue & Faulks.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons stated in the opinion delivered by the Supreme Court, when the cause was before that court upon rule to show cause.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.